IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID S. SEUM,

      Plaintiff,

v.                          Civil Action No. 5:11CV79
                                    (STAMP)

McCLURE STAFFING LLC,
a West Virginia corporation,
CYNTHIA JOHNSON and
VIRGINIA WILLIAMS,

      Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS CYNTHIA JOHNSON AND VIRGINIA WILLIAMS'
MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT AND
DENYING DEFENDANT McCLURE STAFFING LLC'S MOTION TO DISMISS**

I.  Procedural History

The plaintiff, David S. Seum, filed this civil action in this Court on June 7, 2011, citing federal question jurisdiction pursuant to 28 U.S.C. § 1331. The plaintiff's complaint raises a claim for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"); a claim for violation of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code 21-5-3(a); a claim for disability discrimination and unlawful discharge under both state and federal law; a claim based upon the tort of outrage; a claim for retaliation under FLSA, and for malicious prosecution; and a claim for the tort of conversion. All of the claims are the result of the plaintiff's employment and termination from employment with McClure Staffing LLC, as well as of incidents

surrounding that employment and the plaintiff's ultimate termination.

In response to the plaintiff's complaint, defendants Cynthia Johnson ("Johnson") and Virginia Williams ("Williams") filed joint motions to dismiss under Fed. R. Civ. P. 12(b)(5) and (6), arguing that the plaintiff had failed to comply with Fed. R. Civ. P. 4 with regard to service of process, and has also failed to state a cause of action against them.  These defendants also filed a joint motion for a more definite statement under Fed. R. Civ. P. 12(e), further arguing that the plaintiff's claim for disability discrimination and unlawful discharge is not sufficiently specific to reasonably allow them to prepare a response to it.  Defendant McClure Staffing also filed a motion to dismiss pursuant Fed. R. Civ. P. 12(b)(5) only, arguing the plaintiff failed to comply with Fed. R. Civ. P. 4 with respect to service of process.  The plaintiff timely responded to all of these motions, but no replies were received from any of the defendants.

These motions are now fully briefed and ripe for disposition by this Court.  For the reasons that follow, both motions to dismiss, as well as defendants Johnson and Williams' motion for a more definite statement, are denied.

II.  Facts

The plaintiff in this action was previously employed by defendant McClure Staffing LLC.  During his employment with McClure

2

Staffing, defendants Johnson and Williams acted as his supervisors or superiors.  The plaintiff argues that, during his employment, McClure Staffing was audited by the United States Department of Labor and that that audit concluded that McClure Staffing was not paying overtime wages to its employees, including, but not limited to, the plaintiff.  As a result of the audit, defendant McClure Staffing was allegedly ordered to pay the overtime wages, which it did.  However, according to the plaintiff, following this audit and order, McClure Staffing did not change its payroll practices, but rather resumed its previous practices, which failed to adequately pay overtime to its employees, including the plaintiff.  As a result, the plaintiff says, depending upon the number of hours worked for any given week, his wages paid were less than minimum wage.  The plaintiff argues that this alleged continued failure to pay adequate overtime constitutes a willful violation of the FLSA.

Further, the plaintiff says that defendants Johnson and Williams, as General Manager and Operations Manager, exerted sufficient control over his employment as to be considered individual employers under FLSA and to be subject to personal liability under the Act.  The plaintiff alleges that Williams and Johnson were aware of the results of the Department of Labor's audit and nonetheless failed to adjust payroll practices.

Additionally, the plaintiff contends that, throughout his employment at McClure Staffing, he had a medical condition,

documented by the defendants, that made it necessary for him to be absent from work to receive medical treatment and to, at times, be hospitalized.   The plaintiff further states that his medical condition substantially limits his ability to work and eat, as well as his digestive and endocrine systems.   This medical condition allegedly required the plaintiff to present to the emergency room one day in particular that he was scheduled to work.  Because of this, the plaintiff says that he attempted to notify defendant Johnson of his impending absence by way of a telephone call. However, the plaintiff says that he was unable to reach defendant Johnson by phone, so he allegedly sent a text message to Johnson, informing her that he would be unable to work that day.   As a result, he alleges that he was subsequently terminated because Johnson told him that a text message was insufficient notice and violated company policy.

Following the plaintiff's termination, he says that his counsel sent letters to the defendants outlining the claims that the plaintiff intended to bring in this action.   The plaintiff claims that, as a result of those letters, the defendants placed a padlock on a locker in which the plaintiff had previously been permitted to place personal belongings and refused to allow the plaintiff access to the locker to retrieve his belongings. Further, the defendants also allegedly accused the plaintiff of

4

theft from the McClure Hotel facilities, which caused criminal charges to be filed against the plaintiff.

### III.  Applicable Law

A.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)

The Federal Rules of Civil Procedure require plaintiffs to serve defendants with a summons and a copy of the complaint pursuant to Fed. R. Civ. P. 4.  If a defendant feels that a plaintiff failed to follow the mandates of Rule 4, the Federal Rules further allow such a defendant to contest the service made upon it through a motion under Fed. R. Civ. P. 12(b)(5).

Federal Rule of Civil Procedure 4(h)(1)(B) requires plaintiffs serving corporate defendants with process within the United States to deliver "a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Further, Rule 4(l)(1) mandates that if service is not waived by a defendant, the plaintiff must prove service to the court by filing "the server's affidavit" with the court following service.

If a plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 4 and a defendant contests service, a district court is permitted to dismiss the plaintiff's complaint.

B.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon

which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true.  Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957).  Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

C.   <u>Motion for a More Definite Statement</u>

Rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement, also must be filed before the defendant files a responsive pleading.  Through such a motion, a party may request that the Court direct the plaintiff to re-file his complaint, more clearly pleading and defining his claims.  Pursuant to Fed. R. Civ. P. 12(e), such a motion should only be granted when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."

A Rule 12(e) motion has a higher standard than that of a Rule 12(b)(6) motion in that a pleading which satisfies the liberal pleading standards above described may be nonetheless appropriately challenged as overly vague with a Rule 12(e) motion.  <u>See</u> 5B Wright & Miller <u>Federal Practice and Procedure</u> § 1356.  However, the standard set forth by the language of Rule 12(e) was not intended to require the plaintiff to state with any high level of specificity the facts upon which his claims rely.  <u>Hodgson v. Virginia Baptist Hosp.</u>, 482 F.2d 821, 823 (4th Cir. 1973).  In fact, the drafters of the rules only intended to ensure that sufficient facts would be pled which allowed the defendant to reasonably form a response.  <u>Id.</u>  Thus, the rules specifically restrict the motion for a more definite statement to pleadings which are so highly vague and ambiguous that the opposing party simply cannot be expected to form a meaningful response.

IV.   <u>Discussion</u>

A.   <u>Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)</u>

    1.   <u>Defendant McClure Staffing LLC's Motion</u>

Defendant McClure Staffing argues that service upon it was insufficient in this case because the plaintiff's process server failed to perfect service upon one of its designated agents of process.  According to the summons filed with this Court, the plaintiff's process server made service upon defendant McClure Staffing LLC by Cynthia Johnson.  McClure points to the designated agents of process listed by the West Virginia Secretary of State, Fran Garey and Virginia Williams, as being the only officers of the company upon whom service is effective against McClure Staffing LLC.

The plaintiff argues in response, that Cynthia Johnson is the General Manager of McClure Staffing, and thus satisfies the requirements of Fed. R. Civ. P. 4(h)(1)(B) that service be made upon "an officer, <u>managing or general agent</u>, <u>or</u> any other agent authorized . . ." (emphasis added).  This Court agrees with the plaintiff on this point.

Defendant McClure Staffing does not dispute that Cynthia Johnson is General Manager of the company, but rather simply ignores the plain language of Rule 4.  While the rule does allow for service upon an <u>authorized</u> agent, the use of the word "or" within the list of persons qualified to accept service on behalf of

8

a corporation clearly conveys the drafters' intent to make the list inclusive rather than exclusive. Service upon any person qualifying as at least one of the types of officials listed in the rule satisfies the requirements of Fed. R. Civ. P. 4(h)(1)(B). Ms. Johnson, as General Manager of defendant McClure Staffing LLC, also clearly qualifies as a "managing or general agent." Thus, defendant McClure Staffing's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is denied.

      2.   <u>Defendants Johnson and Williams' Motion</u>

Defendants Cynthia Johnson and Virginia Williams also argue that service upon them was insufficient under Rule 4, but they point to failure to prove service to this Court as the ground for dismissal. The defendants filed this motion on August 22, 2011, asserting that no proof of service had been made to this Court pursuant to Fed. R. Civ. P. 4(l)(1). However, as the plaintiff points out, proof by affidavit of the process servers who served each of the defendants was filed with this Court, as required by Rule 4(l)(1), on August 24, 2011. Therefore, the argument raised by defendants Johnson and Williams in their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is moot and must be denied.

B.   <u>Defendants Johnson and Williams' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

In their Rule 12(b)(6) motion, defendants Johnson and Williams address each of the plaintiff's claims which they challenge

separately.  This Court will address each of the moving defendants'
arguments in the same fashion.

1.   <u>Violations of the Fair Labor Standards Act</u>

First, the movants argue that the plaintiff's FLSA claim
should be dismissed against them because the plaintiff fails to
allege sufficient facts to place defendants Johnson and Williams
within the definition of "employer," as it is defined by FLSA, and
thus they are not subject to suit under the Act.   This Court
disagrees.  FLSA defines an "employer" subject to the Act as "any
person acting directly or indirectly in the interest of an employer
in relation to an employee." 29 U.S.C. § 203(d).  As the plaintiff
argues, most circuits have determined that individual managers can,
under certain circumstances, qualify as employers under FLSA, and
can be subject to individual liability. <u>Cantley v. Simmons</u>, 179 F.
Supp. 2d 654, 658 (S.D. W. Va. 2002).

In the plaintiff's complaint, he alleges that both defendants
Johnson and Williams, as General Manager and Operations Manager,
exerted sufficient control over his employment as to qualify as
employers under the FLSA.   Such an allegation, which states the
defendants' positions with the company and alleges control over the
plaintiff's employment, is sufficient to survive Rule 12(b)(6)
dismissal.  Thus, the movants' motion to dismiss the plaintiff's
FLSA claim is denied.

2.   <u>Violations of the West Virginia Wage Payment
Collection Act</u>

Defendants Johnson and Williams advance a similar argument
with regard to their request for dismissal of the plaintiff's claim
under the WPCA, arguing that the West Virginia Code does not define
employer in a way that can include them.  The movants provide no
explanation, and cite no case law to support this contention.

West Virginia Code § 21-5-1 defines "employer" for purposes of
the WPCA as "any person, firm or corporation employing any
employee."   The West Virginia Supreme Court of Appeals has
consistently included corporate officers and other individuals
within this definition.  <u>Britner v. Medical Sec. Card</u>, 200 W. Va.
352, 355-56 (1997); <u>Mullins v. Venable</u>, 171 W. Va. 92 (1982).  The
plaintiff here has alleged that defendants Johnson and Williams
exerted control over his employment to the extent that they
qualified as his employers.  Without any explanation as to the
reason that these defendants believe that they do not qualify as
employers under the WPCA, this Court considers the facts pled by
the plaintiff to be sufficient to survive Fed. R. Civ. P. 12(b)(6)
scrutiny.   The movants' motion to dismiss the plaintiff's WPCA
claim is thus denied.

3.   <u>Tort of Outrage</u>

With regard to plaintiff's tort of outrage claim, the moving
defendants argue that he has failed to allege sufficient facts to
satisfy the three elements of a claim for intentional or reckless

11

inflication of emotional distress.  These elements are: "(1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result form his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." Travis v. Alcon Laboratories, Inc., 202 W. Va. 369, 371 (1998).

However, aside from a bare assertion that the plaintiff has failed to satisfy the elements of this tort, the moving defendants offer no argument to support their motion to dismiss the plaintiff's claim.  The permissive pleading standards of Fed. R. Civ. P. 8(a)(2) do not require the plaintiff to satisfy all of the elements of his claim at the stage of pleading, but rather require only that he offer a "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957).  Here, the plaintiff has offered the actions by defendant Johnson which he believes entitle him to relief pursuant to the tort of outrage, and in his response to this motion to dismiss, explained that he believes that defendants Williams and McClure Staffing will be liable for defendant

12

Johnson's actions pursuant to respondeat superior. Whether defendant Johnson's alleged conduct qualifies as "outrageous" is not a proper determination for this Court to make at this point. Further, because the moving defendants have not offered any support for their argument that the plaintiff's claim is insufficient, this Court cannot reasonably infer or create such arguments and must deny the movants' motion to dismiss the plaintiff's claim of the tort of outrage.

4.   Retaliation and Malicious Prosecution

Again, defendants Johnson and Williams state that the plaintiff's claim for retaliation and malicious prosecution fails to allege sufficient facts to state a claim against them, but do not offer any supporting argument whatsoever, aside from pointing out that the alleged retaliation occurred after the plaintiff was terminated. However, this distinction is irrelevant for purposes of retaliation under FLSA. The anti-retaliation provision of FLSA is found in 29 U.S.C. § 215(a)(3) and proscribes any manner of discrimination "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . . ."

It is well-settled law that the protections of this section, and of all of the FLSA, extend not only to current employees, but to former employees as well. See Dunlop v. Carriage Carpet Co., 548 F.2d 139 (6th Cir. 1977); Hodgson v. Charles Martin Inspectors

13

of Petroleum, Inc., 459 F.2d 303, 306 (5th Cir. 1972); and see
Robinson v. Shell Oil Co., 519 U.S. 337 (1997), rev'g 70 F.3d 325,
331-332 (4th Cir. 1995). Therefore, the fact that the alleged
retaliation occurred following the plaintiff's termination is of no
consequence to his ability to recover under 29 U.S.C. § 215(a)(3).
The moving defendants' motion to dismiss the plaintiff's
retaliation claim is thus denied.

This Court also does not believe that the plaintiff's claim
for malicious prosecution fails to meet the pleading standards of
Fed. R. Civ. P. (8)(a)(2). In order to sustain a malicious
prosecution claim in West Virginia, a claimant must show malicious
intent on the part of the defendant, that the prosecution in
question was without probable cause, and that "the proceedings in
question were terminated in his or her favor." Preiser v.
MacQueen, 177 W. Va. 273, 275, 352 S.E. 2d 22, 24 (1985). The
plaintiff's complaint in this case alleges facts to support malice
and want of probable cause, but does not allege that the
prosecution was terminated in his favor.

However, such an allegation is unnecessary at the point of
pleading. Even under the heightened requirements introduced in
Twombly and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a plaintiff
is only required to plead "sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its face.'"
Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). This

14

does not require a plaintiff to provide factual evidence of each element of a prima facie case in order to survive a motion to dismiss.  The movant's motion to dismiss is denied with regard to plaintiff's malicious prosecution claim.

    5.  <u>Conversion</u>

    Finally, the moving defendants' motion is similarly denied with regard to the plaintiff's conversion claim.  The movants' central argument with regard to this claim is that the defendants' alleged action of padlocking a storage locker in their facility cannot constitute conversion because the locker is the property of McClure Staffing, LLC.  However, as the plaintiff argues in response, the plaintiff's complaint alleges that his personal belongings are inside this locker, and that the defendants precluded him from recovering them when they padlocked the locker.  The plaintiff maintains that these belongings are the subject of the conversion, not the locker.

    Under West Virginia law, "[a]ny distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith may be treated as conversion." <u>Rodgers v. Rodgers</u>, 184 W. Va. 82, 95, 399 S.E. 2d 664, 677 (1990).  The plaintiff thus satisfied the pleading requirements in his complaint when he alleged that the defendants kept him from his personal property, which was inside the allegedly padlocked locker.

C.   Defendants Johnson and Williams' Motion for a
     More Definite Statement

     In their motion for a more definite statement, defendants
Johnson and Williams argue that the plaintiff's claim for
disability discrimination is too vague to allow the defendants to
reasonably respond to it, because the plaintiff does not
specifically name or describe his alleged disability in any detail.
The plaintiff, in response, argues that he has alleged sufficient
facts to allow the defendants to respond, as he explained that his
alleged disability kept him from work and caused him to be
hospitalized, and also because he points to the specific emergency
room visit caused by his disability, which resulted in his
termination.

     This Court does not find that the plaintiff's disability
discrimination claim is so overly broad that these defendants are
unable to reasonably form a response to it.  The plaintiff includes
facts that his alleged disability kept him from work and even sent
him to the hospital.  He further details an incident when he sent
a text message to defendant Johnson with regard to an emergency
room visit resulting from his alleged disability and argues that
the defendants have documented evidence of incidents which resulted
from it.  The defendants' own files should provide sufficient
information by which to investigate the allegations for the
purposes of a response, and where they do not, Fed. R. Civ. P. 8(b)
"would permit [them] to plead that [they] lacked sufficient

16

information to form a belief as to the truth of the allegations and would give this plea the effect of a denial." Hodgson v. Va. Baptist Hosp., 482 F. 2d 821, 824 (4th Cir. 1973). Therefore, defendants Johnson and Williams' motion for a more definite statement is likewise denied.

V.   Conclusion

For the reasons stated above, defendant McClure Staffing, LLC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 15) is hereby DENIED. Further, defendants Cynthia Johnson and Virginia Williams' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) (ECF No. 7), and motion for a more definite statement (ECF No. 6) are similarly DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     January 27, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE