```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DAVID S. SEUM,

          Plaintiff,

v.                                    Civil Action No. 5:11CV79
                                                   (STAMP)
McCLURE STAFFING LLC,
a West Virginia corporation,
CYNTHIA JOHNSON and
VIRGINIA WILLIAMS,

          Defendants.
```

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

I. Background

The plaintiff, David S. Seum, filed this civil action in this Court on June 7, 2011, citing federal question jurisdiction pursuant to 28 U.S.C. § 1331. The plaintiff's complaint raises a claim for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"); a claim for violation of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-3(a); a claim for disability discrimination and unlawful discharge under both state and federal law; a claim based upon the tort of outrage; a claim for retaliation under FLSA, and for malicious prosecution; and a claim for the tort of conversion. All of the claims are the result of the plaintiff's employment and termination from employment with McClure Staffing LLC, as well as of incidents

surrounding that employment and the plaintiff's ultimate termination.

In response to the plaintiff's complaint, defendants Cynthia Johnson ("Johnson") and Virginia Williams ("Williams") filed joint motions to dismiss under Fed. R. Civ. P. 12(b)(5) and (6), and a motion for a more definite statement under Fed. R. Civ. P. 12(e). Defendant McClure Staffing also filed a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(5). This Court denied those motions by memorandum opinion and order entered January 27, 2012.

The plaintiff has now filed a motion for leave to file an amended complaint, arguing that he desires to supplement and develop his claim for malicious prosecution and add a claim for defamation now that all criminal charges filed against him which are the basis of these claims have been dismissed by the State of West Virginia.  The defendants did not respond to the plaintiff's request to file an supplemental and amended complaint.  As this motion is unopposed and is timely filed, this Court will grant the plaintiff's motion for leave to file an amended complaint.

## II.  Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, after a defendant files a responsive pleading, and either leave of court or permission of the opposing party is necessary to amend a complaint, requests for such leave should nonetheless be granted "freely . . . when justice so requires."  The Supreme Court

has held that, "in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Further, Fed. R. Civ. P. 15(d) permits this Court to, on motion, grant leave for a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

The plaintiff request to amend, while only brought under Fed. R. Civ. P. 15(a)(2), actually requests leave both to amend and to supplement the plaintiff's original complaint. The plaintiff seeks to supplement his original claim for malicious prosecution based upon the dismissal of criminal charges against him after the time of the original filing of his complaint. He further seeks to amend his complaint by adding a claim for defamation. Both of these requests will be granted. This is the plaintiff's first request to amend his complaint, and the defendants have not offered opposition or argument against granting leave to amend. Additionally, the plaintiff has offered justification as to the reasons why he did not include the allegations that he now seeks to add upon initial filing of his complaint, as the dismissal of the criminal charges against him had not yet occurred when he filed his original

complaint.  It also does not appear to this Court that granting the plaintiff leave to amend and supplement in this situation would prejudice the defendants, nor that the amendments sought are futile or brought in bad faith.  Finally, the motion is timely, as is evidenced by the October 17, 2011 scheduling order in this case, which allows for amended pleadings to be filed until April 27, 2012.  Accordingly, pursuant to Fed. R. Civ. P. 15(a)(2) and 15(d), this Court hereby grants leave to the plaintiff to file an amended and supplemental complaint.

### III.  Conclusion

For the reasons stated above, the plaintiff's motion for leave to file first amended complaint (ECF No. 25) is GRANTED.  The defendants are directed to file timely responsive pleadings to only the first amended/supplemental complaint as set forth in Fed. R. Civ. P. 15(a)(3).  The clerk is DIRECTED to file the plaintiff's first amended complaint, which is attached to the motion for leave to file first amended complaint.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      January 31, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE