IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

DAVID S. SEUM,

    Plaintiff,                                              Civil Action No. 5:11-CV-79

v.                                                         Judge Bailey

MCCLURE STAFFING LLC, a West Virginia
Corporation, FRAN GAREY, individually and
in her capacity as Owner, CYNTHIA JOHNSON,
individually and in her capacity as General Manager,
and VIRGINIA WILLIAMS, individually and in
her capacity as Operations Manager,

    Defendants.

## SECOND AMENDED COMPLAINT

Comes Now the Plaintiff, David S. Seum, through his undersigned counsel of record, to make the following allegations against the Defendants.

1.    David S. Seum is currently a resident of Belmont County in the State of Ohio and former employee of Defendant McClure Staffing LLC and/or Defendant Fran Garey. However, for all times relevant in this case, Seum was a resident of Ohio County, West Virginia and resided at the McClure Hotel in Wheeling.

2.    Defendant McClure Staffing LLC is a limited liability company which was formed and operates in Ohio County, West Virginia. McClure Staffing LLC employs individuals who maintain and operate the McClure Hotel.

3.    Defendant Fran Garey is a West Virginia resident and is the Owner or has controlling ownership interest in Defendant McClure Staffing LLC and other related organizations. She is the direct supervisor of Defendants Virginia Williams and Cynthia Johnson.

4. Defendant Cynthia Johnson is a West Virginia resident and is the General Manager of McClure Staffing LLC. She maintains her office at the McClure Hotel and was David Seum's supervisor.

5. Virginia Williams is a resident of Arkansas. She is the Operations Manager of McClure Staffing LLC. Prior to relocating to Arkansas, Defendant Williams maintained an office at the McClure Hotel in Wheeling.

## JURISDICTION

6. This Court has federal question jurisdiction in this matter as Plaintiff is bringing claims pursuant to the Federal Fair Labor Standards Act (29 U.S.C. § 201 et. seq.) for the Defendants' failure to pay minimum wage and also overtime wage as required by the Act. This Court has pendant jurisdiction to hear the claims that are brought pursuant to state law.

7. Venue is proper in this Court as the acts and omissions took place in Ohio County, West Virginia and Defendant McClure Staffing LLC has offices and employees in Ohio County, West Virginia and regularly conducts business in said county.

8. Plaintiff was employed by Defendant McClure Staffing LLC from approximately August 2007 until September 2010.

9. Following his termination of employment, Plaintiff moved out of the McClure and into an apartment. However, Plaintiff did not have an opportunity to move all of his items in his storage locker.

10. Plaintiff was not an at-will employee. Instead he had a written contract of employment.

## **VIOLATION OF FAIR LABOR STANDARDS ACT**

11. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 10.

12. As an employee of McClure Staffing LLC, Plaintiff was covered by the Fair Labor Standards Act, including, but not limited to Sections 6 and 7 of the Act which concern the payment of minimum wage and compensation for overtime.

13. In 2009 the Defendant McClure Staffing LLC's payroll practices were audited by the United States Department of Labor. That agency concluded that McClure Staffing LLC was not paying overtime wages to its employees, including, but not limited to, David Seum, as required by law. McClure Staffing LLC was ordered to pay the overdue overtime wages, which it did.

14. In spite of being told it was not properly paying overtime and in spite of being required to issue payment to Plaintiff and other employees to whom overtime pay was due, Defendant McClure Staffing LLC did not change its payroll practices and resumed its practice of failing to pay Plaintiff, and presumably others, his overtime wages.

15. Depending upon the number of hours worked for the week, the wages paid by Defendant McClure Staffing LLC to the Plaintiff were less than minimum wage.

16. Given that the Defendant McClure Staffing LLC was already ordered to pay back wages for failing to pay overtime, the Defendant McClure Staffing LLC's subsequent failures to pay overtime are willful violations of the Fair Labor Standards Act and were either done with the conscious intent to violate or in reckless disregard of Plaintiff's statutory rights to make a fair wage such that Plaintiff is entitled to liquidated damages and/or punitive damages.

17. As the Owner, General Manager and Operations Manager, Defendants Fran Garey, Cynthia Johnson and Virginia Williams exerted sufficient control over Plaintiff's employment relationship with Defendant McClure Staffing LLC that each is considered an employer within the meaning of the Fair Labor Standards Act and each is subject to personal liability for failing to abide by the Act's requirements to pay Plaintiff at least minimum wage and compensate him for the overtime he worked.

18. Defendants Garey, Johnson and Williams each were aware of the prior finding that Plaintiff was entitled to receive overtime compensation yet neither of them adjusted the payroll practices of McClure Staffing LLC to comply with federal law, denying Plaintiff of the wages that were due to him.

19. As a result of the acts and omissions of the Defendants, Plaintiff is due back wages in excess of Five Thousand Dollars plus reasonable attorneys' fees and costs in pursuing this claim.

20. As a result of each of the Defendants' willful violations of the Fair Labor Standards Act and each of their conscious intent to violate or reckless disregard of Plaintiff's statutory rights to make a fair wage, each Defendant is liable for liquidated damages and/or punitive damages and is also subject to a civil monetary penalty of up to $1,000 per violation

### VIOLATION OF WEST VIRGINIA
### WAGE PAYMENT AND COLLECTION ACT

21. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 20.

22. Unless otherwise provided by special agreement, West Virginia Code 21-5-3(a) required Defendant McClure Staffing, LLC to pay Plaintiff all wages due him every two weeks.

23. West Virginia Code 21-5-4(b) required Defendant McClure Staffing LLC to pay Plaintiff's wages in full within seventy-two hours of terminating his employment.

24. Defendant McClure Staffing LLC did not fully settle with Plaintiff every two weeks nor did it pay Plaintiff's wages in full within seventy-two hours given its failure to pay minimum wage and overtime wages as set forth above.

25. Further, Defendant McClure Staffing LLC did not provide Plaintiff with his final paycheck within seventy-two hours of terminating his employment.

26. Defendants Garey, Johnson and Williams each knowingly permitted Defendant McClure Staffing LLC to violate West Virginia Code 21-5-3 and 21-5-4 as each of them knew Defendant McClure Staffing LLC had been required to issue payment of back wages for its failure to pay Plaintiff overtime such that Defendants Johnson and Williams are each personally liable to Plaintiff.

27. Defendants made unauthorized deductions from Plaintiff's pay and did so without any assignment or order for future wages as required by West Virginia Code 21-5-3(e).

28. As a result of the above, each of the Defendants are liable to Plaintiff for unpaid wages, liquidated damages as set forth in West Virginia Code 21-5-4(e), and reasonable attorneys' fees and costs.

## DISABILITY DISCRIMINATION AND UNLAWFUL DISCHARGE

29. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 28.

30. Throughout his employment with Defendant McClure Staffing LLC, Plaintiff has had a medical condition making it necessary for him to be absent from work and to receive medical treatment, and at times, be hospitalized.

31. The Plaintiff's medical condition is such that it constitutes a disability as defined by the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) and the West Virginia Human Rights Act.

32. When active, Plaintiff's medical condition substantially limits one or more of his major life activities, including, but not limited to his ability to work and eat as well as Plaintiff's digestive and endocrine systems.

33. Defendants maintained a record of Plaintiff's impairment that substantially limited his major life activities.

34. Defendants regarded Plaintiff as having a disability, regardless of whether or not his medical condition rises to the level of a disability recognized by the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) and the West Virginia Human Rights Act.

35. Plaintiff's employment was terminated shortly after he notified Defendant Cynthia Johnson that he would not be coming to work because he was in the emergency room due to his medical condition.

36. Plaintiff's termination amounts to discrimination in violation of the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) and the West Virginia Human Rights Act.

37. Defendants had an obligation to afford a reasonable accommodation to Plaintiff but instead opted to terminate his employment.

38. Defendants' termination of Plaintiff is also in violation of the substantial public policy of the State of West Virginia in that it violates the policies set forth in the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act of 2008

(ADAAA) and the West Virginia Human Rights Act and also effectively required Plaintiff to choose between his employment and obtaining medical treatment for his condition.

39. As a result of their violation, conspiracy to violate, or aide and abetting in the violation of the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) and the West Virginia Human Rights Act and/or violation of the substantial public policy of the State of West Virginia, each of the Defendants are liable to Plaintiff for back pay, front pay, all other forms of damages permitted by law, punitive damages, and reasonable attorneys' fees and costs.

## **MALICIOUS PROSECUTION/ABUSE OF PROCESS**

40. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 39.

41. In response to receiving counsel's letter, Defendants falsely accused Plaintiff of stealing hotel furniture when he moved, resulting in criminal charges being filed against Plaintiff.

42. As a result of the Defendants' false accusations, criminal charges were filed against him in Ohio County Magistrate Court. At first the charges were filed as grand larceny and assigned case number 11F-20. Upon further investigation, the Ohio County Prosecutor dismissed the charges and re-filed as petit larceny. Upon further investigation still, the Ohio County Prosecutor dismissed those charges stating "no probable cause."

43. The actions of the Defendants amount to malicious prosecution and abuse of legal process.

44. As a result of the Defendants actions, they are liable to the Plaintiff for compensatory damages, punitive damages, emotional distress, all other forms of damages allowable by law, and reasonable attorneys' fees and costs.

## DEFAMATION

45. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 44.

46. As set forth above, Defendants made false accusations of theft against Plaintiff to the Wheeling Police Department and others.

47. Defendants knew or should have known that the accusations were false, yet they made them anyway.

48. Plaintiff was rejected from employment by at least one potential employer as a result of this false claim of theft appearing on a criminal background investigative report.

49. The local newspaper reported the filing of these theft charges against Plaintiff.

50. The false accusation of theft against another constitutes the tort of defamation and/or defamation *per se*.

51. As a result of the Defendants actions, they are liable to the Plaintiff for compensatory damages, punitive damages, emotional distress, all other forms of damages allowable by law, and reasonable attorneys' fees and costs.

## CONVERSION

52. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 51.

53. Defendants agreed to allow Plaintiff to use a storage locker so he could store his personal belongings.

54. Defendants without legal justification padlocked Plaintiff's storage locker.

55. Defendants acted intentionally for the purpose of denying Plaintiff his right to exert ownership and control over his personal property that was contained in the storage locker and Defendants refused to provide Plaintiff access to his property upon his request.

56. As a result of their actions, the Defendants are liable to Plaintiff for compensatory and punitive damages.

## **RETALIATION**

57. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 56.

58. Prior to instituting this action, Plaintiff, through counsel, issued a letter to Defendants Johnson and Williams discussing his potential claims under the Fair Labor Standards Act and other applicable laws and inviting discussions to resolve the same.

59. Pursuant to 29 USC 215(a)(3) it is unlawful to retaliate against an individual for making a claim under the Fair Labor Standards Act.

60. It is also a violation of substantial public policy of the United States and the State of West Virginia to retaliate against individuals attempting to assert or protect their rights afforded to them under state or federal law.

61. In response to receiving counsel's letter, Defendants retaliated against Plaintiff by placing a padlock on his storage locker such that Plaintiff could not access or remove his personal belongings contained therein. Further, Defendants made the false accusations of theft against Plaintiff as set forth above.

62. Defendants actions were calculated to intimidate Plaintiff and dissuade him from proceeding with his complaints for the various wage law violations and discharge claims asserted above.

63. As a result of their actions, the Defendants are liable to Plaintiff for compensatory and punitive damages.

## TORT OF OUTRAGE

64. Plaintiff realleges, as if fully restated here, each and every allegation contained in Paragraphs 1 through 63.

65. Plaintiff attempted to call Defendant Johnson, per company policy, from the emergency room to advise he would not be coming to work.

66. Plaintiff was unable to reach Defendant Johnson by phone and accordingly sent her a text message informing her of his inability to report for work.

67. In terminating Plaintiff's employment, Defendant Johnson advised Plaintiff that a text message is insufficient, he must actually call to report off sick.

68. Defendant Johnson's statement and behavior is so outrageous and ridiculous that it is offensive to society as a whole such that it amounts to the Tort of Outrage.

69. Defendant Johnson, and Defendant McClure Staffing by way of respondeat superior, are therefore liable to Plaintiff for compensatory and punitive damages.

70. All of the acts by all of the Defendants set forth above are so outrageous and ridiculous that they are offensive to society as a whole such that they amount to the Tort of Outrage, making all Defendants liable to Plaintiff for compensatory and punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests that he be awarded an amount in excess of Seventy-Five Thousand Dollars ($75,000) which represents front and back pay, liquidated damages, punitive damages, all forms of compensatory damages as allowed by law, plus reasonable attorneys' fees and costs. Plaintiff also respectfully requests that this Court issue an injunction prohibiting Defendants from interfering with his exercise of ownership and control of his personal property in Defendants' storage locker and that Defendants be commanded to permit Plaintiff to retrieve and remove the same. Plaintiff requests all other relief that this Court may find equitable and just. Plaintiff demands a trial by jury.

Respectfully Submitted,

By:    /s/ Bradley K. Shafer
Bradley K. Shafer (WV#7794)
SWARTZ CAMPBELL
1233 Main Street, Suite 1000
Wheeling, WV 26003
Phone: (304) 232-2790
Fax: (304) 232-2659
bshafer@swartzcampbell.com
*Counsel for Plaintiff*

11